IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS JAMES BITTINGER,<br>Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 06-558<br>) |
| DAVID DIGUGLIELMO, et al., | ) Judge Thomas M. Hardiman<br>) Magistrate Judge Lisa Pupo Lenihan<br>) |
| Respondents. | ) |

## MEMORANDUM ORDER

The Petitioner, Douglas James Bittinger, has filed a Motion for Writ of Mandamus. (Doc. 7). For the following reasons, the motion is denied.

I.

Bittinger is a state prisoner currently incarcerated at the State Correctional Institution located in Graterford, Pennsylvania ("SCI-Graterford"). In June 1998, Bittinger and his girlfriend, Michelle Sue Tharp, were charged in Washington County with starving Tharp's seven-year-old daughter to death and dumping the child's body in a garbage bin. On January 19, 2001, Bittinger pleaded guilty to the general charge of criminal homicide, as well as to the charges of endangering the welfare of a child and abuse of a corpse. At the conclusion of an evidentiary hearing to determine Bittinger's degree of guilt, the Honorable Judge Paul Pozonsky held that the Commonwealth established that Bittinger committed third-degree murder. Judge Pozonsky sentenced Bittinger to fifteen to thirty years imprisonment.

1

Bittinger, through appointed counsel Michael Savona, Esquire, appealed his judgment of sentence to the Superior Court of Pennsylvania. Therein, he raised the following three claims:

> (1) the trial court committed an abuse of discretion by disregarding the unrefuted psychological evidence presented by the defense during the evidentiary hearing held to determine the appropriate degree of criminal homicide;
>
> (2) the evidence presented by the Commonwealth was insufficient for the trial court to find Bittinger guilty beyond a reasonable doubt of third-degree murder; and,
>
> (3) the trial court committed an abuse of discretion when it made a finding of substantial mitigating factors and failed to impose a sentence in accordance with the finding of mitigating evidence.

On July 18, 2002, the Superior Court affirmed Bittinger's judgment of sentence. No appeal was filed with the Supreme Court of Pennsylvania.

More than three years later, on March 8, 2006, Bittinger filed a *pro se* "Application to File Petition for Allowance of Appeal Nunc Pro Tunc" with the Supreme Court of Pennsylvania. On March 31, 2006, the court denied Bittinger's request.

On or around April 27, 2006, Bittinger filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He named as respondents David Diguglielmo, the Superintendent of SCI-Graterford, and the Attorney General of the State of Pennsylvania. Therein, he raised the same three claims that he raised on direct appeal to the Superior Court, which are set forth above.

On or about August 21, 2006, and at the same docket number, he filed the pending motion for writ of mandamus. (Doc. 7). He requests that this court direct his former counsel, Attorney Savona, to file on his behalf in the Supreme Court of

Pennsylvania a petition for allowance of appeal and an application for leave to filed said petition nunc pro tunc.

## II.

Bittinger is not entitled to mandamus relief.  Under the All Writs Act, 28 U.S.C. § 1651, a federal district court may issue a writ of mandamus only in aid of its jurisdiction.[1]  That circumstance is not presented here.  Morever, it is well established that a writ of mandamus is an extraordinary remedy, to be granted only in exceptional cases.  See e.g., In re Pressman-Gutman Co., ___ F.3d ___, 2006 WL 2381910, *10 (3d Cir. Aug. 18, 2006).  This is not such a case.  Bittinger has already filed a motion in state court to have his appellate rights reinstated nunc pro tunc, and the Supreme Court of Pennsylvania denied that motion.  Moreover, under the facts as presented by Bittinger himself, this court has no authority to direct Attorney Savona, who is not a party to this action and is no longer counsel to Bittinger, to file the requested papers in state court.

In addition, to the extent that Bittinger seeks to have the Supreme Court of Pennsylvania reinstate his appellate rights, this court has no authority under the All Writs Act to direct the state supreme court to exercise its jurisdiction.  See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (noting that federal courts have no general power to issue a writ of mandamus to compel a state court to exercise its jurisdiction.)  Finally, the United States Supreme Court has set forth conditions to be

---

[1] Federal courts have the power to issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aide of their respective jurisdictions and agreeable to the usages and principles of law."

met before mandamus relief is granted.  "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires[.]" United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982) (quoting Kerr v. United States District Court, 426 U.S. 394, 403 (1976)); Pennsylvania Bureau of Corr. v. U.S. Marshals Service, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.")  In the instant case, Bittinger may seek to obtain an order from this court directing the state court to reinstate his appellate rights by way of a claim raised in a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[2]  See Lewis v. Johnson, 359 F.3d 646 (3d Cir. 2004) (granting the petitioner federal habeas corpus relief in the form of reinstatement of state appellate rights when the petitioner established that his counsel provided him with ineffective assistance of counsel); see also Harrington v. Gillis, 456 F.3d 118 (3d Cir. 2006).

Accordingly, Bittinger has not shown that he is entitled to the extraordinary remedy of a writ of mandamus, and the following order is entered:

**AND NOW**, this 30th day of August, 2006;

**IT IS HEREBY ORDERED** that the Petitioner's Motion for Writ of Mandamus (Doc. 7) is **DENIED**.

_____
Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE

---

[2] It is noted that in Bittinger's pending habeas corpus petition, he does not raise a claim that, if meritorious and not procedurally barred, would entitle him to the reinstatement of his appellate rights.  If he wishes to pursue such relief, he must amend his petition.

4

cc:     The Honorable Thomas M. Hardiman
       United States District Court Judge

       Douglas James Bittinger
       EQ-8035
       SCI Graterford
       PO Box 244
       Graterford, PA 19426